IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JAMES DIXON, | : |
| Plaintiff | : |
| VS. | :      1 : 04-CV-148 (WLS) |
| Lt. DERRICK ALLEN, CO SHEMEKA SILAS, and CO KAMALA HAYWARD, | : |
| Defendants. | : |

**RECOMMENDATION**

Presently pending herein is the defendants' Motion to Dismiss based on the plaintiff's failure to fully exhaust available administrative remedies pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"). The defendants contend that the plaintiff did not file grievances in regard to all claims underlying this lawsuit and failed to complete the grievance process for the one formal grievance that he did file. The plaintiff argues that he filed several informal grievances regarding his claims and that the documentation of these grievances are among legal documents that were confiscated in November 2004 when plaintiff was transferred to Augusta Medical State Prison.

The court notes that the defendants' motion to dismiss is unaccompanied by any supporting documentation regarding the grievance(s) filed and plaintiff's grievance history. Additionally, the defendants' motion is premised on the argument that exhaustion under the PLRA is a jurisdictional matter, an argument recently rejected by this court. *See Williams v. Wetherington*, Civil Action No. 1 : 02-CV-126 (WLS) (order at # 114 attached). Given the

presentation of defendants' arguments in the form of the pending motion to dismiss, which in general cannot include matters outside the pleadings, the undersigned cannot find that plaintiff's complaint, with all factual allegations accepted as true, demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).[1]

Accordingly, it is the recommendation of the undersigned that the defendants' Motion to Dismiss be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 25th day of July, 2005.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb

---

[1]Should the court adopt this recommendation, the defendants would of course be free to file a properly supported motion for summary judgment, bringing their arguments properly before the court.